GENET, Appellant, *v.* DELAWARE & H. CANAL Co., Respondent.

(*Superior Court of New York City, General Term.*  June 28, 1889.)

Appeal from an order made at special term on the motion of defendant, suspending the operation of the judgment heretofore entered in this action, so far as the same contains an injunction against the defendant, pending an appeal therefrom by the defendant to the court of appeals.   This same order was before this court at the December, 1888, term, and an order was then made by this court, reversing the special term order, so far as it suspended the operation of the judgment or relieved the defendant from the duty of immediate obedience to the injunction contained in it, on the ground that the court had no power to make the same.   See 4 N. Y. Supp. 633.   From the last-mentioned order defendant appealed to the court of appeals, where it was reversed, and the cause remitted to the general term for the exercise of its discretion.   21 N. E. Rep. 390.   By the order of the special term the operation of this injunction was suspended on condition that defendant give a bond in the penalty of $25,000 to secure the payment by defendant to plaintiff of "all damages which she may sustain by reason of defendant continuing to do, pending the said appeal, the acts, or any of them, which are prohibited by said judgment, or by reason of its omitting to do, pending the said appeal, the acts, or any of them, commanded by said judgment, in case the said judgment be affirmed by the court of appeals."   A precisely similar order was made by Judge FREEDMAN on the appeal to the general term from the original judgment of injunction, except that the bond was only $10,000.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*George C. Genet*, for appellant.  *Frank E. Smith*, for respondents.

SEDGWICK, J.  In consideration of what appears to me to be the novelty of the matters that will be mooted on the appeal, the discretion of the court should allow the operation of the judgment to be suspended during the appeal on the conditions prescribed by Judge DUGRO in the order appealed from, with two modifications.   The first is that, in case of want of diligence to prosecute the appeal, the plaintiff may move in this court at special term, that the suspension be discontinued; and the second is that the defendant

should stipulate that, if plaintiff brings an action upon the bond, the issues in the action shall be heard and determined by a referee, to be appointed by the court, and that, as to the defendant, but not the plaintiff, the judgment duly entered upon the decision of the referee shall be final, and not appealed from. The ground of the last condition is that it should not be made a possibility that, after the rights of the plaintiff shall be perchance finally declared, there may be indefinite postponement of the enjoyment of those rights.